FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    -vs-<br><br>TIMOTHY JOSEPH CARLSON,<br><br>    Defendant. | No.   2:14-CR-0072-WFN-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

    Pending before the Court is Defendant's Motion to Reduce Sentence. ECF No. 80. Defendant indicates that the Warden denied his request for compassionate release. Consequently, he has exhausted his claim with the Bureau of Prisons [BOP]. In his well-articulated briefing, Defendant requests that the Court reduce his sentence to time served.

    Defendant must demonstrate that "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A). As Defendant is not over 70 years old, he must demonstrate that extraordinary and compelling reasons warrant reduction.

    Defendant has not demonstrated extraordinary or compelling reasons warrant a sentence reduction. Though Defendant suffers from multiple health conditions that put him at increased risk of serious illness or death from COVID-19 and his age also puts him at heightened risk, he previously contracted COVID-19 and recovered. The Court recognizes that prior illness does not eradicate risk of re-infection, but risk of re-infection is lowered due to immunity gained from having fought off the illness previously. Inoculation will

ORDER - 1

provide increased immunity. The BOP is actively vaccinating inmates and while Defendant has not yet received his vaccine, he should be receiving one in the coming weeks.

Defendant's criminal history suggests he poses a danger to the community. Defendant's underlying conviction was serious; he pled guilty to receipt of nearly two million images of child pornography. His sentence was increased to a 15-year mandatory minimum due to his concerning criminal history involving multiple victims of hands-on sex offenses. Due to no fault of the Defendant, he has yet to receive sex offender treatment while incarcerated this time due to the timing of his release date. He previously completed sex offender treatment while in Washington State Department of Corrections, but committed the instant crime after he had completed treatment. Neither home confinement, nor residence at a halfway house provide adequate protection of the community to justify release. Defendant has not met the requirements of 18 U.S.C. § 3582 to support conversion of his sentence to time served. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Reduce Sentence, filed October 5, 2020, **ECF No. 80**, is **DENIED**.

2. Defendant's Motion for Protective Order, filed October 5, 2020, **ECF No. 81**, is **DENIED AS MOOT**. All medical records have been filed under seal.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 11th day of March, 2021.

03-09-21

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2